### GEORGE H. GRAY, Administrator of Sarah Collins, **v.** WILLIAM JORDAN HALL.

Court of Common Pleas.  Sussex.  April, 1800.

*Wilson's Red Book, 273.*

PER CURIAM.  The book cannot be given in evidence.

## BILL OF EXCEPTIONS.

### George Howard Gray, Administrator etc.,
*v.*
### William Jordan Hall.

(Insert here the docket entry and pleadings.)

And now, to wit, in the trial of this cause, the plaintiff by Richard Ridgely, Esquire, his attorney, offered in evidence a guardian account by William J. Hall, guardian, to the person and estate of the said Sarah Gray (*prout* the account), and the defendant by J. P. Wilson, his attorney, offered in evidence to the jury defendant's book and account (*prout* the same) with his oath, which book is relative to the matters charged in the said account so produced as aforesaid by the plaintiff; whereupon it was objected by the counsel for the plaintiff that the said book with the oath aforesaid was not admissible evidence in the trial of the issues in this cause, and thereupon the opinion of the court on the premises was prayed, and the said court did upon advice order and adjudge in and upon the premises that the said book together with the said oath of the defendant was not admissible evidence, to which opinion of the court the defendant, by his counsel, doth except and prays the benefit of his exception, according to the provision of the Statute in such case made and provided, and that the said justices would to this, his exception, affix their hands and seals etc. signed and sealed.

(NOTE. On *non assumpsit* plaintiff may show a debt due him without plea or notice of set-off, 1 Esp.N.P. 167, 168, 4 Burr. 2133. Notice of set-off goes with *non assumpsit,* Tidd Pr. 215.)

*Wilson* contended that *assumpsit* will not lie where an action may be brought of a higher nature, *ante* 128, 2 Str. 1027, 1 Esp. N.P. 96, [1] Dall. 429, 2 Term 104. If defendant was guardian, as stated in *narratio,* he must have given bond, Com.Guide 146. If the bond was lost, yet there may be recovery upon it. Six years elapsed between August 4, 1790, and April 29, 1797. And limitation will run against an infant who has a trustee, P. Wms. The infant was barred because the administrator for his use could have sued, and so might this guardian, 1 Esp.N.P. 149.

*Ridgely.* This may be considered a debt of record and so not barred, 1 Esp.N.P. 236 (sheriff's return considered such). The administrator in the case in P. Wms. might have sued, and every administrator is affected by the Statute from the date of his letters. The objection to this action is not supported, unless de-

fendant shows a bond. And being named guardian in *narratio,* a recovery in this action will bar a recovery on a bond.

PER CURIAM. BOOTH, C. J. (Charge.) The issue you are now to try is in an action of assumpsit between George H. Gray, administrator etc., and William J. Hall for recovery of a balance due upon settlement of an account in the Orphans' Court. There are two grounds of defense: first, that the action will not lie; secondly, limitation. The guardian received the money as trustee and was bound to pay to his ward. This was a sufficient consideration. And we the more incline to this opinion because no guardian bond is shown. Secondly, we think the Statute does not affect plaintiff's claim.

Bill of exceptions.

Verdict for said balance and interest.